# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RECKER,<br><br>Defendant. | No. CR12-2003-LRR<br><br><br>ORDER |

---

The matter before the court is the defendant's motion to strike an element from the indictment (docket no. 24). The defendant filed such motion on February 13, 2012. The government filed a resistance (docket no. 25) on February 14, 2012.

Concerning the motion to strike, the defendant does not rely on a particular Federal Rule of Criminal Procedure that permits him to strike an element from a charge that is included in the indictment, and he does not cite any relevant legal authority. To the extent that he intended to rely on Federal Rule of Criminal Procedure 12, the court concludes that the defendant offers no valid reasons for dismissing the indictment that the government filed against him. It is a well-established notion that a defendant is unable to call into question the validity of a prior conviction during a subsequent prosecution. Consequently, the defendant is unable to challenge or attack his 2004 conviction for domestic violence here. Additionally, it is clear from the record that (1) the government's use of the 2004 conviction for domestic violence as a basis to charge the defendant under 18 U.S.C. § 922(g)(9) is proper and (2) the defendant's contentions regarding his 2004 conviction are fundamentally flawed. Although the defendant's 2004 conviction for domestic violence included a suspended sentence, that fact does not aide him because criminal records are

only expunged if a defendant receives a deferred judgment. *See* Iowa Code § 907.9(4) (explaining that a criminal record is expunged only if a judgment has been deferred under Iowa Code section 907.3 and probation has been discharged); *see also* Iowa Code § 907.1(1) (defining deferred judgment); Iowa Code § 907.1(3) (defining suspended sentence). Because the defendant's factual and legal claims are baseless, the defendant's motion to strike an element from the indictment (docket no. 24) is denied.

**IT IS SO ORDERED**.

**DATED** this 17th day of February, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA