# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 12-CR-2003-LRR |
| vs. | **ORDER** |
| MICHAEL RECKER, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is the government's "Motion to Admit Evidence of Witness Tampering, and Request for Jury Instruction" ("Motion") (docket no. 101).

## II. RELEVANT PROCEDURAL HISTORY

On February 22, 2012, the government filed a two-count Superseding Indictment (docket no. 36) against Defendant Michael Recker. Counts 1 and 2 of the Superseding Indictment charge Defendant with knowingly possessing firearms after having previously been convicted of two misdemeanor crimes of domestic violence. Such offense is a violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).

On April 23, 2012, the government filed the Motion. On May 10, 2012, the Clerk of Court filed Defendant's Resistance (docket no. 118).[1] Defendant's Resistance is untimely. *See* LCrR 47.a (providing that a resistance must be filed within seven days after the motion is served, plus an additional three days if the motion is served electronically or by mail); *see also* Criminal Trial Scheduling Order (docket no. 7) (citing LCrR 47.a).

---

[1] Defendant's Resistance is dated May 4, 2012, was received by the Clerk of Court on May 7, 2012 and was filed on May 10, 2012.

Nevertheless, the court shall consider Defendant's Resistance. The Motion is fully submitted and ready for decision.

## III. ANALYSIS

In the Motion, the government contends that Defendant attempted to tamper with a potential witness in this case, Sharon Miller. Specifically, the government alleges that, on April 2, 2012:

> Defendant told Sharon Miller that whether he goes to prison will depend on her and her son (referring to Greg Miller). Defendant asked Sharon Miller how she can be sure it wasn't his brother, Charlie Recker, who delivered the firearms. Defendant then said Sharon Miller should remember it could have been his brother, Charlie Recker, who delivered the firearms.

Memorandum in Support of Motion (docket no. 101-1) at 2. On April 3, 2012, Sharon Miller told law enforcement officers that she felt Defendant's statements to her were a threat. The government requests that the court admit evidence of Defendant's attempt to tamper with Sharon Miller as evidence of Defendant's "criminal intent." *Id.* at 3. The government also requests that the court instruct the jury that, if it finds Defendant attempted to tamper with Sharon Miller, such evidence may be used as evidence of Defendant's guilt.

In his Resistance, Defendant does not dispute that evidence of witness tampering, if proven, would be relevant. Rather, he merely argues that Internal Revenue Service Special Agent Michael Hare should not have been assisting in witness preparation in this case. Defendant also suggests that law enforcement agents have threatened another witness, Randy Gilbert, "for obvious purposes to elicit/force his cooperation and testimony" against Defendant. Resistance at 3.

"Courts may admit evidence of threats against government witnesses on the grounds that an effort to intimidate a witness tends to show consciousness of guilt." *United States*

*v. Davis*, 154 F.3d 772, 780 (8th Cir. 1998); *see also United States v. Chauncey*, 420 F.3d 864, 875 (8th Cir. 2005) ("Evidence of a defendant's threat against a witness is admissible to show consciousness of guilt . . . ."); *United States v. Guerrero-Cortez*, 110 F.3d 647, 652 (8th Cir. 1997) ("An effort to intimidate a witness tends to show consciousness of guilt."). Thus, because such evidence is relevant, the court finds that the government may present evidence that Defendant attempted to influence or tamper with Sharon Miller. The court, however, shall reserve ruling as to whether there is sufficient evidence to warrant the government's proposed jury instruction. *See United States v. Reaves*, 649 F.3d 862, 867-68 (8th Cir. 2011) (finding that there was sufficient evidence to warrant a witness tampering instruction).

## IV. CONCLUSION

In light of the foregoing, the government's Motion to Admit Evidence of Witness Tampering, and Request for Jury Instruction (docket no. 101) is **GRANTED IN PART** and the court **RESERVES RULING IN PART**.

**IT IS SO ORDERED.**

**DATED** this 17th day of May, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA