# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 12-CR-2003-LRR |
| vs. | **ORDER** |
| MICHAEL RECKER, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Michael Recker's "Motion Filed Pursuant to Fed. R. Evid. 104(a)" ("Motion") (docket no. 178).

## *II. RELEVANT PROCEDURAL HISTORY*

On July 18, 2012, the government filed a two-count Second Superseding Indictment ("Indictment") (docket no. 152) against Defendant. Counts 1 and 2 of the Indictment charge Defendant with knowingly possessing firearms after having previously been convicted of two misdemeanor crimes of domestic violence. Such offense is a violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).

On August 27, 2012, Defendant filed the Motion.[1] On August 30, 2012, the government filed a Resistance (docket no. 180). The Motion is fully submitted and ready for decision.

## *III. ANALYSIS*

In the Motion, Defendant asks the court to admit evidence that: (1) he did not use or display a firearm during the commission of the two predicate misdemeanor crimes of

---

[1] The court notes that Defendant failed to submit a separate brief in accordance with Local Rule 7. Nevertheless, the court shall address the Motion.

domestic violence; and (2) he had a good-faith belief that he could lawfully possess a firearm. As set forth below, the court finds that such evidence is irrelevant and, therefore, inadmissible at trial.

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Mora*, 81 F.3d 781, 783 (8th Cir. 1996) ("Relevance of evidence 'is established by any showing, however slight, that [the evidence] makes it more or less likely that the defendant committed the crime in question.'" (alteration in original) (quoting *United States v. Casares-Cardenas*, 14 F.3d 1283, 1287 (8th Cir. 1994))).

First, the court finds that evidence that Defendant did not use or display a firearm during the commission of the two underlying misdemeanor crimes of domestic violence is irrelevant. Under 18 U.S.C. § 921(a)(33)(A), a misdemeanor crime of domestic violence is an offense that: (1) "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon"; and (2) is committed by someone with whom the victim has a domestic relationship, including "a current or former spouse." 18 U.S.C. § 921(a)(33)(A); *see also United States v. Smith*, 171 F.3d 617, 619-20 (8th Cir. 1999) (discussing what constitutes a "misdemeanor crime of domestic violence" within the meaning of the statute). The court has previously held that the first element—whether the predicate offense involved the use or attempted use of physical force or the threatened use of a deadly weapon—is a preliminary question to be decided by the court. *See* Order (docket no. 108) (citing *Smith*, 171 F.3d at 620). Thus, at trial, the government need only prove that the defendant was in a domestic relationship with the victims of the two underlying offenses. Accordingly, whether Defendant used or displayed a firearm during the commission of the two underlying offenses is irrelevant at trial. Furthermore, the court

agrees with the government that such evidence "could . . . cause unfair prejudice to the government, confusion of the issues, and mislead the jury." Resistance at 2.

Second, evidence that Defendant subjectively believed he could lawfully possess a firearm is irrelevant and, thus, inadmissible under Rule 402. *See United States v. Hutzell*, 217 F.3d 966, 968 (8th Cir. 2000) (holding that, under 18 U.S.C. § 924(a)(2), the government need only prove that the defendant "knew of the facts constituting the offense, not that he knew that it was illegal for him to possess a gun"); *United States v. Lomax*, 87 F.3d 959, 962 (8th Cir. 1996) ("[T]he 'knowingly' element of section 922(g) applies only to the defendant's underlying conduct, not to his knowledge of the illegality of his actions."); *see also United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999) (rejecting the defendant's argument that the district court "erred in not instructing the jury that a defendant must know his status as a convicted felon to violate § 922(g)(1)"). Furthermore, for the reasons set forth in the government's Resistance, the fact that Defendant had a hunting license and a resident fur harvest license from the State of Iowa does not alter the fact that he was prohibited under federal law from possessing a firearm. *Cf. United States v. Achter*, 52 F.3d 753, 755 (8th Cir. 1995) (rejecting the defendant's argument that a local official can sanction a violation of federal law and noting that a defendant is not "entitled to rely on representations made by state or local officials because these officials lack[] the authority to bind the federal government to an erroneous interpretation of federal law" (discussing *United States v. Brebner*, 951 F.2d 1017, 1026 (9th Cir. 1991))).

Accordingly, the court finds that evidence that Defendant did not use or display a firearm during either of the predicate misdemeanor crimes of domestic violence and that Defendant subjectively believed that he could lawfully possess a firearm is not admissible.

### IV. CONCLUSION

In light of the foregoing, Defendant's "Motion Filed Pursuant to Fed. R. Evid. 104(a)" (docket no. 178) is **DENIED**. The parties must not directly or indirectly refer to

or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**IT IS SO ORDERED.**

**DATED** this 4th day of September, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA