# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR12-2003-LRR |
| vs. | |
| MICHAEL RECKER, | ORDER |
| Defendant. | |

___

The matter before the court is the defendant's motion to reconsider (docket no. 176). The defendant filed such motion on August 24, 2012. The government filed a resistance (docket no. 179) on August 30, 2012. The defendant filed a reply (docket no. 181) on August 31, 2012.

Previously, the court addressed whether the defendant's 1991 conviction for domestic abuse assault under Iowa Code section 708.2A(2)(a) and his 2004 conviction for simple assault under Iowa Code section 708.1 qualify as predicate offenses for purposes of 18 U.S.C. § 922(g)(9). When addressing the requirement under 18 U.S.C. § 921(a)(33)(A) that each predicate offense have, as an element, the use or attempted use of force, the court stated:

> Having reviewed the record, which includes the relevant state court documents, and having looked at the fact of conviction and the statutory definition of each predicate offense, the court concludes that the defendant's 1991 conviction for domestic abuse assault under Iowa Code section 708.2A(2)(a) and his 2004 conviction for simple assault under Iowa Code section 708.1 qualify as predicate offenses for purposes of 18 U.S.C. § 922(g)(9) because both of them have the use or attempted use of physical force as an element.[1] The relevant statutes, that is,

Iowa Code section 708.2A(2)(a) and Iowa Code section 708.1, and the relevant state court documents establish that the defendant entered guilty pleas in 1991 and 2004 and these pleas are consistent with the definition of assault that is included under Iowa Code section 708.1(1), which provides that "[a] person commits an assault when, without [justification], the person does . . . [a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." Because the defendant was charged and pleaded guilty to offenses under Iowa Code section 708.1(1) rather than either Iowa Code section 708.1(2) or Iowa Code section 708.1(3), both predicate offenses fall within the meaning of 18 U.S.C. § 921(a)(33)(A). *Cf.* [*United States v. Smith*, 171 F.3d 617, 621 (8th Cir. 1999)] (considering Iowa Code section 708.1(1) and holding that defendant was charged and pleaded guilty to an offense with an element of physical force that comports with 18 U.S.C. § 921(a)(33)(A)).

> [1]With respect to the 1991 conviction for domestic abuse assault, the court notes that, although initially charged under Iowa Code section 708.2A(2)(b), the defendant entered into an agreement with the State of Iowa and pleaded guilty under Iowa Code section 708.2A(2)(a). Also, concerning the 2004 conviction for simple assault, the defendant pleaded guilty under Iowa Code section 708.1, but he was initially charged in a criminal complaint under Iowa Code section 708.2A(3)(a), then charged pursuant to a trial information under Iowa Code sections 708.2A(2)(b), 708.1 and 236.2 and, as a result of a motion to amend, subsequently charged under Iowa Code section 708.2A(2)(a). *Cf. State v. Roe*, 642 N.W.2d 252, 253-55 (Iowa 2002) (distinguishing between a conviction for domestic assault and a conviction for simple assault); *see also State v. Lambert*, 612 N.W.2d 810, 816 (Iowa 2000) (listing elements for simple assault). The defendant does not dispute the government's legal or factual assertions, and the defendant offers no facts or

> argument with respect to whether his prior convictions have, as an element, the use or attempted use of physical force. Because it appears that neither the 1991 guilty plea nor the 2004 guilty plea are supported by any amended or substituted stipulation or basis, the relevant state court documents establish that the defendant pleaded guilty to predicate offenses that included the use of physical force.

*See* Order (docket no. 108) at 2. The defendant now contends, among other things, that the government failed to prove that either predicate offense contains, as an element, the use or attempted use of physical force. In response, the government reiterates that the 1991 conviction for domestic abuse assault under Iowa Code section 708.2A(2)(a) and the 2004 conviction for simple assault under Iowa Code section 708.1 fall within the meaning of 18 U.S.C. § 921(a)(33)(A).

As the footnote in its order dated April 26, 2012 indicates, the court had reservations about both prior convictions. Now, while represented by counsel, the defendant aptly points out several deficiencies. For the following reasons, the court finds that the 1991 conviction for domestic abuse and the 2004 conviction for simple assault do not qualify as predicate offenses for purposes of 18 U.S.C. § 922(g)(9).

> Under the categorical approach, when a statute dictates that the predicate offense [has] enumerated elements, this court must "look only to the predicate offense rather than to the defendant's underlying acts to determine whether the required elements are present." [*Smith*, 171 F.3d at 620]. If the predicate statute reaches a broad range of conduct, this court may expand the inquiry to review the charging papers and jury instructions, but only to determine which part of the statute the defendant violated. *See id.* at 620-21 [(citing *Taylor v. United States*, 495 U.S. 575, 602 (1990))]. Where the defendant [pleaded] guilty to a predicate offense, this inquiry may include the "written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, [544 U.S. 13, 16 (2005)]. *See also James v. United States*, [550

3

> U.S. 192, 202 (2007)] ("That is, we consider whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender.") (emphasis in original); *Begay v. United States*, [553 U.S. 137, 141 (2008)] ("[W]e consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.").

*United States v. Howell*, 531 F.3d 621, 622-23 (8th Cir. 2008).

Both parties agree that, because the underlying statutes reach a broad range of conduct, it is appropriate for the court to look beyond the judgment, but they dispute what documents the court may consider. In support of the 1991 conviction, the government relies on several documents. Specifically, the government relies on a certified copy of the docket sheet from the Iowa District Court for Buchanan County and a police incident report and complaint from the Buchanan County Sheriff's Office. *See* docket no. 51-2 & docket no. 51-3. Those documents, however, do not include the amendment referenced on the docket, the plea agreement referenced on the docket, a transcript of the plea colloquy, any factual finding by the trial judge to which the defendant assented or the judgment. The defendant challenges the government's reliance on the complaint on the basis that it may not actually be the complaint at issue in the 1991 case. The court agrees with the defendant. Although the non-certified complaint appears to correlate with the docket,[1] there is no way to be absolutely sure that the defendant faced the charge included in that complaint. Absent certification by the Iowa District Court for Buchanan County,

---

[1] There are several similarities that link the complaint and the docket. Apart from naming the same parties, both documents contain identical dates and code provisions. Indeed, the complaint is dated August 4, 1991 and refers to Domestic Abuse Assault under Iowa Code section 708.2A(2)(b). Likewise, the docket lists August 4, 1991 as the date of violation and refers to Domestic Abuse Assault under Iowa Code section 708.2A(2)(b). Aside from those similarities, the docket also refers to the supporting affidavit by the defendant's wife. Such affidavit appears to be included in the police incident report.

4

the court does not believe it is appropriate to rely on such complaint or any other documents from the Buchanan County Sheriff's Office. So, with respect to the 1991 conviction, the only permissible document in the record that the court may consider is the certified copy of the docket. That document, however, indicates that the defendant ultimately faced a simple misdemeanor charge under Iowa Code section 708.2A(2)(a) rather than a serious misdemeanor charge under Iowa Code section 708.2A(2)(b).[2] Nowhere on the docket does it state what the amendment involved, and, consequently, the court is unable to determine how the defendant committed domestic abuse assault. Because adequate documentation is not part of the record, the court is forced to guess whether the charge included in the complaint, which the court already decided it could not consider, is the basis for the conviction under Iowa Code section 708.2A(2)(a). Furthermore, the docket indicates that the defendant entered into a plea agreement with the State of Iowa. That agreement, if written, would most likely include the terms that establish the basis for the defendant's conviction, but it is not part of the record. Because the court is left to speculate as to what definition of assault under Iowa Code section 708.1 the defendant ultimately pleaded guilty, the 1991 conviction for domestic abuse assault does not qualify as a predicate offense.

Similarly, the defendant correctly points out that there are problems with the 2004 conviction for simple assault under Iowa Code section 708.1. There is no doubt that the court can review charging documents, a plea agreement or a plea hearing transcript and comparable judicial records to determine what part of the statute the defendant violated. Here, the parties do not dispute that it is permissible for the court to review the complaint,

---

[2] There are notable differences among Iowa Code section 708.2A(2)(b) and Iowa Code section 708.2A(2)(a). Namely, under Iowa Code section 708.2A(2)(b), "[o]n a first offense of domestic abuse assault, the person commits: A serious misdemeanor, if the domestic abuse assault causes bodily injury or mental illness." Whereas, under Iowa Code section 708.2A(2)(a), "[o]n a first offense of domestic abuse assault, the person commits: A simple misdemeanor for a domestic abuse assault, except as otherwise provided."

which charged a violation of Iowa Code section 708.2A(3)(a), the trial information, which charged a violation of Iowa Code sections 708.2A(2)(b), 708.1 and 236.2, the motion to amend, which charged a violation of Iowa Code section 708.2A(2)(a), and the judgment, which implicitly describes a violation of Iowa Code section 708.1. *See* docket no. 51-4, docket no. 51-5, docket no. 51-6 & docket no. 51-7. Based on those documents, it is clear that the defendant did not face the same charge that is included in the criminal complaint. The State of Iowa amended the charge at least three times from October 21, 2003 to May 5, 2004. The charging documents provide a glimpse of what the defendant faced prior to the date he pleaded guilty, but they do not provide the complete picture. The judgment appears to be the last word, but is not a model of clarity. Under the offense portion of the judgment, "DOMESTIC ABUSE/ASSAULT SIMPLE MISDEMEANOR" is crossed out, and the magistrate judge wrote in "Simple Assault." He, however, did not cross out "708.2A(2)(A)" and replace it with 708.1. Additionally, although the judgment indicates that the defendant pleaded guilty to the charge as amended, it does not describe the amended charge. The magistrate judge does not refer to any prior documents in the judgment and he does not describe on what basis he found the defendant guilty of committing simple assault. Presumably, at the May 5, 2004 plea hearing where the defendant pleaded guilty, the magistrate judge found that a sufficient factual basis existed to support a simple assault conviction, but the court has no way of knowing what happened without the benefit of a transcript or a more detailed judgment. Like the 1991 conviction for domestic abuse assault, there is nothing in the record that suggests the State of Iowa did not acquiesce and allow the defendant to plead guilty to the alternative set forth in Iowa Code section 708.1(2), which is not a sufficient basis to establish that the 2004 conviction for simple assault qualifies as a predicate offense. *See Smith*, 171 F.3d at 620.

In sum, the qualifying documentation offered by the government fails to show that the defendant has a conviction that constitutes a predicate offense. Accordingly, the motion to reconsider (docket no. 176) is granted. The court's prior order dated April 26,

2012 is modified. Because the predicate offenses that are included in each count of the second superseding indictment are not valid, dismissal is appropriate. The clerk's office is directed to dismiss the second superseding indictment. By this order, the defendant is hereby released.

**IT IS SO ORDERED**.

**DATED** this 5th day of September, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA